UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 22-cv-212

| | |
|---|---|
| Sarah Haas, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>eMoneyUSA Holdings LLC,<br><br>      Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**I.**

**INTRODUCTION**

1. This is an action brought by Plaintiff Sarah Haas ("Plaintiff") seeking redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), and Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by Defendant eMoneyUSA Holdings, LLC ("Defendant eMoney"). Plaintiff seeks recovery of actual, statutory, and punitive damages, her reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

**II.**

**JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681 et seq. and 28 U.S.C §§ 1331 and 1367 for pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

-2-

conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District. *Ford Motor Co. vs. Montana Eighth Judicial District Court*, 2021 WL 1132515 (U.S. March 25, 2021).

### III.

### PARTIES

4. Plaintiff is an individual residing in Saint Croix County, Wisconsin.

5. While Plaintiff is of normal intelligence, she lacks advanced sophistication in the specific businesses of payday loan lead marketing and credit reporting.

6. Plaintiff was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

7. Plaintiff was and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Plaintiff was and is a "person" as defined by Wis. Stat. § 990.01(26).

9. Plaintiff was and is a "person" as that term is used in Wis. Stat. § 995.50 and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

10. Defendant eMoney is a limited liability company incorporated under the laws of the state of Kansas.

11. Defendant eMoney is headquartered at 8700 State Line Rd, Ste 350, Leawood, Kansas, 66206.

12. Defendant eMoney has a registered agent of service of National Registered Agents, Inc. of KS, 112 SW 7th Street Suite 3C, Topeka, KS 66603.

13. Defendant eMoney, is engaged in arranging or brokering consumer loans and

transactions made at high interest and receiving payment for arranging or brokering those loans and transactions.

14. Defendant eMoney regularly makes loans to Wisconsin residents repayable at high interest rates, and collects money from Wisconsin residents on those loans, using the mail and the internet.

15. Defendant eMoney regularly purchases leads, from licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

16. Defendant eMoney regularly sells leads, to licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

17. Defendant eMoney is a sophisticated business, operating throughout Wisconsin.

18. Defendant eMoney is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. § 138.09.

19. Defendant eMoney is a regular user of consumer reports and files under the FCRA, is restricted by the FCRA as to whose consumer reports and files its accesses and is further restricted by the FCRA as to whom it re discloses the information it receives.

20. Defendant eMoney is a "person" as defined by Wis. Stat. § 990.01(26).

21. Defendant eMoney is also a "person" as that term is used in Wis. Stat. § 995.50 and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

22. Defendant eMoney was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

23. Per the "Terms of Use" section of its website, Defendant eMoney acknowledges

that it regularly arranges or obtains consumer loans for those who apply for credit.

24. Because Defendant eMoney regularly arranges, brokers, or obtains consumer loans for Wisconsin consumers made at high interest, Defendant eMoney would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2).

25. While Defendant eMoney is **not** registered to act as a CSO in Wisconsin, it is maybe exempt from such registration per Wis. Stat. § 425.501(2)(b)(1).

26. Defendant eMoney regularly contracts with CSO's for the purchase of leads, i.e., the names, the PII and the PFI of Wisconsin consumers who are likely to contract with a payday lender.

27. Defendant eMoney regularly pays money and or other valuable consideration to CSOs for these leads.

28. Defendant eMoney is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

29. As a business conducting its affairs within the United States generally, and Wisconsin specifically, Defendant eMoney is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

IV.

**FACTUAL ALLEGATIONS**

30. Plaintiff ordered and requested a copy of her consumer credit report and file from Clarity Services, Inc. ("Clarity").

31. The information assembled by Clarity about Plaintiff constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

32. The information assembled by Clarity about Plaintiff constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

33. The information about Sarah Plaintiff, held by and released by Clarity to Plaintiff, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

34. The information about Plaintiff, requested by and obtained by various entities including Defendant eMoney, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

35. Clarity is a "consumer reporting agency" under the FCRA, as "for monetary fees" Clarity "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

36. Clarity creates, generates, and produces consumer credit reports and files on a regular basis, and derives the information in these reports and files from large

amounts of information it collects and maintains on individuals like Plaintiff in a data base called a consumer file.

37. Clarity prepared and mailed to Plaintiff her consumer credit report and file dated March 18, 2021.

38. The consumer credit report and file produced by Clarity on March 18, 2021 and mailed to Plaintiff runs fifty-nine (59) pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her financial transaction history.

39. When Plaintiff obtained her Clarity consumer credit report and file, she learned that Defendant eMoney had **twice** accessed her Clarity consumer credit report and file on June 22, 2020.

40. Plaintiff has never applied for credit with Defendant eMoney, nor has Plaintiff ever authorized Defendant eMoney to access, download, obtain or view her Clarity consumer credit report and file.

41. Plaintiff has never authorized Defendant eMoney to access, download, obtain or view her consumer credit report and file as maintained by any other consumer reporting agency.

42. In the past, Defendant eMoney has purchased consumer leads in the payday loan lead generation market.

43. In the past, Defendant eMoney has purchased consumer leads in the payday loan

lead generation market from loan brokers that are not licensed or registered in Wisconsin as credit services organizations ("CSO") or exempt from licensing or registration as credit services organizations ("CSO").

44. By operation of Wis. Stat. §§ 422.501 - 506, any agreement between an unlicensed or unregistered loan broker and a lead buyer, is void per Wis. Stat. § 425.305.

45. By operation of Wis. Stat. §§ 422.501 - 506, any purported right to access a consumer's credit report and file, arising from an agreement between an unlicensed or unregistered loan broker and a lead buyer, is void per Wis. Stat. § 425.305.

46. By operation of Wis. Stat. §§ 422.501 - 506, any loan brokered by an unlicensed or unregistered loan broker is void per Wis. Stat. § 425.305.

47. Such a thing happened here, as Defendant eMoney received Plaintiff's PII and PFI from an unlicensed and unregistered loan broker, and without Plaintiff's knowledge or consent accessed, downloaded, obtained, or viewed additional PII and PFI about Plaintiff contained in her consumer credit report and file as maintained by Clarity.

48. Each time Defendant eMoney accessed Plaintiff's Clarity consumer credit report and file, it obtained large amounts of her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her credit score and financial transaction history.

49. After receiving Plaintiff's PII and PFI from Clarity and other consumer reporting agencies, Defendant eMoney forwarded Plaintiff's PII and PFI to other various high

interest lenders and loan brokers.

50. When Defendant eMoney forwarded Plaintiff's PII and PFI to various high interest lenders and loan brokers, it did so for compensation.

51. When Defendant eMoney forwarded Plaintiff's PII and PFI to various high interest lenders and loan brokers for compensation, Defendant eMoney did so illegally and unlawfully.

52. Defendant eMoney received compensation from these high interest lenders and loan brokers for forwarding Plaintiff's PII and PFI.

53. Defendant eMoney is required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

54. Defendant eMoney has NOT adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

55. Defendant eMoney is prohibited by state and federal law including the FCRA from releasing Plaintiff's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

56. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Plaintiff, and no "business transaction" was initiated by Plaintiff.

57. The initiation of a "credit transaction" or "credit application" or "business

transaction" by a third party is not a permissible purpose under the FCRA.

58. Defendant eMoney is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists.  15 U.S.C. § 1681b(f).

59. Contrary to its duties under 15 U.S.C. § 1681b(f), Defendant eMoney **twice** unlawfully accessed, downloaded, obtained, and viewed a complete copy of Plaintiff's consumer credit report and file as maintained by Clarity.

60. The referenced inquiries have become a permanent component of Plaintiff's credit report and file and is reported to those who ask to review the credit history of Plaintiff.

61. Defendant eMoney agreed and represented in its agreements with the various credit reporting agencies that Defendant eMoney would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

62. Defendant eMoney is and was required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

63. At no time material hereto did Plaintiff ever have a relationship with Defendant eMoney of the kind specified under §1681b(a)(3)(A) - (F).

64. Plaintiff has never given written instructions to Defendant eMoney to access, download, obtain, review and/or release to a third party a consumer report and file

of which Plaintiff was the subject.

65. Defendant eMoney has never been ordered by a court of competent jurisdiction to obtain or release a copy of Plaintiff's consumer credit report and file pursuant to § 1681b(1).

66. Defendant eMoney has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

67. Reasonable procedures for users include restricting the ability of Defendant eMoney's agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

68. Defendant eMoney's illegal, unlawful, and impermissible dissemination, acquisition and / or redisclosure of Plaintiff's consumer credit report and file violates Plaintiff's privacy rights under state and federal law including the FCRA.

69. Defendant eMoney's actions have impaired Plaintiff's future access to credit.

70. As a result of eMoney's actions and omissions, Sarah Haas has suffered a loss of her privacy, and has suffered damages, including emotional distress, mental anguish, fear, anger, frustration, and embarrassment.

71. The damages Plaintiff suffered because of Defendant eMoney's actions and omissions are directly traceable to Defendant eMoney's conduct and are likely to be redressed by a favorable decision in this action.

## CLASS ALLEGATIONS

72. Plaintiff brings this action individually and as a class action.

73. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify a class:

    *All persons whose consumer reports were obtained and/or used by Defendant from April 13, 2020, through to the present, when at the time the consumer report was obtained/used by Defendant, these persons did not have a credit relationship with Defendant.*

74. The class consists of persons who did not have a credit relationship with Defendant at the time of the consumer report access and for which Defendant had no permissible purpose as set forth in 15 U.S.C. 1681b.

75. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has unlawfully accessed the credit files of hundreds of consumers in the United States.

76. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant's conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA.

77. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant.

78. The Plaintiff will fairly and adequately protect the interests of the class and is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions of this type and consumer claims. Neither

Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue this claim.

79. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

80. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

V.

CAUSES OF ACTION

COUNT 1.

FAIR CREDIT REPORTING ACT

81. Plaintiff incorporates by reference all the foregoing paragraphs.

82. Defendant eMoney willfully and/or negligently violated provisions of the Fair Credit Reporting Act. Defendant eMoney's violations include, but are not limited to the following:

    (a) Defendant eMoney violated 15 U.S.C. §1681b(f) by willfully and/or negligently
    (b) obtaining Plaintiff's consumer credit report and file without a permissible
    (c) purpose under the FCRA.
    (d) Defendant eMoney violated 15 U.S.C. §1681b(f) by willfully and/or negligently
    (e) disseminating Plaintiff's consumer credit report and file without a permissible
    (f) purpose under the FCRA.

83. As a result of the above violations of the FCRA, Defendant eMoney is liable to

Plaintiff in the sum of Plaintiff's actual damages, statutory punitive damages, costs, disbursements, and reasonable attorney's fees.

## COUNT 2.

## WISCONSIN'S PRIVACY STATUTE

84. Plaintiff incorporates by reference all the foregoing paragraphs.

85. The information concerning Plaintiff, as contained in the consumer credit report and file maintained by Clarity, includes nonpublic PII such as Plaintiff's social security number, and further includes nonpublic personal financial information ("PFI") such as her banking information, and her credit score.

86. The information concerning Plaintiff, as contained in the consumer credit report and file maintained by Clarity, is private, and is of a highly personal nature.

87. Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

88. The unlawful accessing of that information by Defendant eMoney is highly offensive to Plaintiff.

89. The unlawful re disclosure of that information by Defendant eMoney is highly offensive to Plaintiff.

90. Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

91. Defendant eMoney acted unreasonably and recklessly in accessing, as well as subsequently re disclosing, Plaintiff's information including PII and PFI about

Plaintiff.

92. While Plaintiff's PII and PFI were not disclosed to the public, Plaintiff's PII and PFI were disclosed to an audience that includes companies that Plaintiff has never contracted with, companies that Plaintiff has never authorized to receive such information, and companies that Plaintiff has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

93. Defendant eMoney willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing and then re disclosing Plaintiff's PII and PFI.

94. As a result of the above violations of Wis. Stat. § 995.50, Defendant eMoney is liable to Plaintiff in the sum of Plaintiff's actual damages, punitive damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive relief.

## VI.

## REQUEST FOR RELIEF

95. **WHEREFORE**, Plaintiff respectfully requests that Judgment be entered as follows:

**COUNT 1**

    (a)    certifying the action as a class;

    (b)    actual damages;

    (b)    punitive damages;

        (c)    statutory damages of $1,000.00 per violation;

   (d) costs and reasonable attorney's fees; and

 (e) such other and further relief as the court deems just and equitable.

**COUNT 2**

   (a) certifying the action as a class;

   (b) actual damages;

   (b) punitive damages;

     (c) declaratory and injunctive relief:

     (d) costs and reasonable attorney's fees; and

 (e) such other and further relief as the court deems just and equitable.

## VII.

### DEMAND FOR TRIAL BY JURY

96. Plaintiff hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law, these claims be determined by a jury of her peers.

Dated this 13th day of April 2022   By: *s/Thomas J Lyons Jr*

                   Eric Leighton Crandall, Esq.
                   CRANDALL LAW FIRM, S.C.
                   421 West Second Street
                   PO Box 27
                   New Richmond, WI 54017
                   715-243-9996 (p)
                   WisconsinConsumerLaw@frontier.com
                   Wis. Atty. Lic. No. 1001833

                   Thomas J. Lyons Jr., Esq.
                   MN Attorney I.D. #:  0249646
                   CONSUMER JUSTICE CENTER P.A.

-16-

                        367 Commerce Court
                        Vadnais Heights, MN  55127
                        Telephone: 651-770-9707
                        Facsimile:  651-704-0907
                        Email: tommy@consumerjusticecenter.com

                        ***ATTORNEYS FOR PLAINTIFF***