#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Sarah Haas,<br>on behalf of herself and<br>all others similarly situated,<br><br>     Plaintiff,<br>vs.<br><br>eMoneyUSA Holdings LLC,<br><br>     Defendant. | No. 2022-CV-212 |

#### MEMORANDUM OF LAW IN SUPPORT OF
#### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

#### INTRODUCTION

Plaintiff initiated this suit against eMoneyUSA Holdings LLC ("eMoney"), asserting claims for violation of her privacy rights under the Fair Credit Reporting Act, and under Wisconsin's privacy statute. Haas alleged in her complaint that on June 22, 2020, eMoney unlawfully accessed, download and obtained a copy of her 50 + page credit report as maintained by Clarity Services.

Defendant responded with discovery that - if allowed - would vastly exceed its June 22, 2020 violation of Haas' state and federal privacy rights. Accordingly, Plaintiff now moves the court for a protective order under Fed. R. Civ. P. 26 ( c ).

#### FACTS

On August 2, 2022, defendant eMoney USA Holdings, LLC ("eMoney") served requests for production of documents, set 1. On August 15, 2022, defendant eMoney USA Holdings, LLC ("eMoney") served requests for answers to interrogatories set 1. Crandall declaration, ¶ 1 ex. A &

B, dkt # 17.  Per Fed. R. Civ. P. 33 & 34, responses were due Sept. 2 and 15, 2022; due to the undersigned's COVID 19 illness, the response deadlines were extended to September 23, 2022.

On August 25th, 2022 eMoney served a notice of subpoena duces tecum on Hennepin County (MN), the entity that employs Sarah Haas.  The notice set a September 26, 2022 response date.  Crandall declaration, ¶ 3 ex. C, dkt # 17. On September 7, 2022, Haas made a good faith attempt to resolve the dispute prior to court intervention, sening a letter to eMoney, addressing a number of concerns relating to the interrogatories, document requests and the subpoena.  Crandall declaration, ¶ 4 ex. D, dkt # 17.  On September 22, 2022, counsel for eMoney responded to Haas' September 7, 2022 letter, declining to withdraw or alter the requests.  Crandall declaration, ¶ 5 ex. E, dkt # 17.

**ISSUES**

**I.      Standard.**

**II.     The court should grant plaintiff's motion, and issue a protective order.**

**ANALYSIS**

**I.      Standard.**

Federal Rule of Civil Procedure 26(c) provides that a party may seek a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26 ( c ).  The party seeking a protective order must demonstrate good cause for the order.  *Baxter Intern., Inc. v. Abbot Labs*, 297 F.3d 544, 548 (7th Cir. 2002).  The party seeking the protective order must show good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Within the power of the court is the authority to issue an order to protect an individual from "an invasion of privacy and embarrassment."  *Miscellaneous Docket v.*

*Miscellaneous Docket*, 197 F.3d 922 (8th Cir. 1999).  Where the basis for the order is to prevent embarrassment, the party seeking the order "must demonstrate that the embarrassment will be particularly serious."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994).  *See also E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 –72 (7th Cir. 1996) ("discovery is not to be used as a fishing expedition.").

**II.     The court should grant plaintiff's motion, and issue a protective order.**

Here, eMoney's August 2, 15, and 25 discovery requests seek information and documentation that - if disclosed and produced - would necessarily reveal vast amounts of highly sensitive, private, non public information about plaintiff, such as

*     her social security numbers and account numbers,
*     her income tax returns for the past 6 years,
*     her contracts with her attorneys and her attorney's time records,
*     her credit reports - all of them,
*     her loan applications and loan agreements since 2017,
*     her confidential settlement records for prior lawsuits, and
*     her internet searches and e-mails from her work computers, for a one year period preceding eMoney's unlawful access of her Clarity credit report.

This information is not relevant to this cases claims and defenses, is private, privileged and confidential, and is not discoverable.  No person in their right mind would ever consent to the release of such information, and if forced to do so would almost certainly abandon their claims rather than face such vast disclosure.  In short, eMoney's discovery requests are the type of "fishing expedition" barred by 7th Circuit precedent.  *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 –72 (7th Cir. 1996) ("discovery is not to be used as a fishing expedition.").

Under Federal law, the US Supreme Court has found latent in the 4th and 14TH Amendments an individuals right in avoiding disclosure of personal matters.  *Whalen v. Roe*, 429 U.S. 589, 599-

600 (1977). Social security numbers are the paradigm case of such private information - their public disclosure is prohibited. *Sherman v. U.S. Department of the Army*, 244 F.3d 357, 365 (5th Cir. 2001); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir. 1993); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1998). See also 5 U.S.C. § 552a (Federal Privacy Act prohibiting disclosure of Social Security and account numbers.). Credit reports are also not subject to disclosure. See 15 U.S.C. § 1681b(f), absent a permissible purpose. Pending litigation is NOT a permissible purpose.

Wisconsin's Constitution, Article I, Section 11 mirrors the 4th Amendment. ("[t]he right of the people to be secure in their person, houses, papers and effects against unreasonable searches and seizures shall not be violated..."). This section is co-terminus with the US Constitutions 4th amendment. *State v. Fry*, 131 Wis.2d 153, 388 N.W.2d 703 (Wis. 1982); *State v. Buchanan*, 178 Wis.2d 441, 504 N.W.2d 400 (Wis. App. 1993) Wisconsin statutory law also recognizes that account and social security numbers are private information. Wis. Stat. § 801.19.

Fully responding to nearly all of the requests discussed below would require disclosure of plaintiff's private information, in violation of Federal and Wisconsin law.

**A.      Discovery in general.**

Rule 26(b)(1) permits parties to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" thus providing courts with "broad discretion to tailor discovery narrowly." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). As such, discovery does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

**B.      eMoney Int. # 10 improperly seeks identification of all other lawsuits or legal proceedings in which Haas was a party, even where the lawsuit had nothing to do with privacy rights**

Here, eMoney's is improper. Discovery requests that seek information on prior lawsuits involving the consumer, that are not related to the claims at bar, are improper. *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

**C.      eMoney Int. # 11 improperly seeks identification of "solicitations, advertisements, communications, or mailings" from the undersigned to Ms. Haas, or to other persons.**

This request is improper, as it seeks communications from "other persons" that are not a party to this lawsuit, does not limit the request temporally, does not limit the request by subject matter, and most certainly invades the attorney client privilege & work product doctrines. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (noting that "the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case[,]" and protecting "material prepared by agents for the attorney as well as those prepared by the attorney himself"); *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.").

Information as to client referrals, or how the client hired the attorney, are not discoverable. *Amhearst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 126 (D. Conn. 1974)( "it is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim").

**D.    eMoney Doc. Req. # 11 improperly seeks production of all documents related to or evidencing Haas' credit score, including, but not limited to complete and unredacted credit reports for Haas, since January 1, 2017 through present.**

Black letter law holds that pending litigation is not a permissible purpose to access a credit report, or the information therein. *Duncan v. Handmaker*, 149 F. 3d 424, 426-28 (6th Cir. 1998)(no legitimate business needs to obtain report to prepare for litigation); *Rice v Montgomery Ward & Co., Inc*. 450 F. Supp. 688, 670-72 (M.D. N.C. 1978)(Defendant violates FCRA if it obtains a consumer report on Plaintiff after Plaintiff institutes an action against defendant. Such an inquiry is impermissible.); *Bils v. Nixon, Hargrave, Devans & Doyle*, 880 P. 2d 743 (Ariz. App. 1994)(improper to get report to discover information which might be used in litigation); *Baker v. Mckinnon*, 152 F. 3d 1007, 1011-12 (8th Cir. 1998)(same); *Auriemma v. Montgomery*, 860 F. 2d 273, 219, 280-281 (7th Cir. 1998)(extra-judicial investigation by attorneys improper, no privilege).

**E.    eMoney Doc. Req. # 12 improperly seeks production and disclosure of all documents related to or evidencing any applications for extension of credit or loan requests made by Haas since January 1, 2017.**

In this lawsuit, Haas has claimed that eMoney violated her Federal privacy rights and State privacy rights - yet here eMoney wants to violate those rights further. Most loan files I have seen contain not only credit applications and loan agreements, but also copious amounts of personal PII and PFI, including payment histories, banking information, credit reports, notices, and other sensitive documents.

Ms. Haas has not made any issue relating to any other credit relationship, except to acknowledge the dangerous, almost "wild west" nature of the payday loan generation business, and to further acknowledge that as "consumers" they have some but limited experience with financial markets generally.

The test is whether the nature of eMoney's inquiry is reasonably calculated to lead to the discovery of admissible evidence. *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). How exactly would 30+ (taking an average of 6 loans per year, times 5 years, equals 30) distinct credit applications, credit agreements, credit reports, and credit notices aid eMoney in its defenses? Stated another way, how can documents from unrelated loans support eMoney's claim that it had a permissible purpose to access plaintiff's Clarity credit report multiple times? The short answer is that none of these documents or this information would aid eMoney in any possible defense to this case.

**F.   eMoney Doc. Req. # 14 improperly seeks production and disclosure of all of Haas' tax returns, W-9s, and 1099s for the years 2016-2021.**

This request is improper, as tax returns are with limited exception private and confidential. See 26 U.S.C. § 6103(a). *Church of Scientology v. Internal Revenue Service*, 484 U.S. 9 (1987). Public policy generally prevents the public disclosure of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975). To get tax returns in discovery, the requestor must show that (1) the tax returns are relevant, and (2) "there is a compelling need for the returns because the information contained therein is not otherwise readily attainable." *United States v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D. N.Y. 1988); See also, *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

Judicial consensus appears to find that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. See *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). The general federal rule is that disclosure of tax returns is disfavored. See *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.,* 96 F.R.D. 147,


148-49 (E.D. Va. 1982) ("a `qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy"); William A. Edmundson, Note, Discovery of Federal Income Tax Returns and the New "Qualified" Privileges, 5 DUKE L.J. 938 (1984). *Stone v. State Farm*, 185 P.3d 150, 161 (Colo. 2008)(finding income tax returns to be private, confidential materials; lower court order directing consumer to produce tax returns to insurer **reversed**).

In this case, I can conceive of no reason for eMoney to obtain copies of plaintiff's income tax returns for the past 6 years. The amount and sources of income, her deductions, and the tax she paid bear no relevance on the issue of what extent eMoney violated plaintiff's privacy rights, nor would they bear any relevance on plaintiff's damages, nor can I conceive of any defense that eMoney could possibly raise in this case using this data.

**G.**   **eMoney Doc. Req. # 15 and 21 improperly seek production and disclosure of**

> **15: all contracts, fee agreements, engagement documents, invoices, time records, and other documents supporting or relating to Haas' claim for attorneys' fees in this case, including any fee arrangement or retainer agreements between Haas and her attorneys and fee statements, records, and descriptions of hours worked, descriptions of work performed, and expenses incurred.**
>
> **21: all documents pertaining to Haas' agreement with her attorneys including any agreement pertaining to the payment of fees or division of settlement proceeds in this Action.**

These requests are improper. Wisconsin law makes the plaintiff's retainer agreements with her attorneys, and their billing statements and records privileges and not subject to discovery. To wit:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: between the client or the client's

> representative and the client's lawyer or the lawyer's representative; or between the client's lawyer and the lawyer's representative; or by the client or the client's lawyer to a lawyer representing another in a matter of common interest; or between representatives of the client or between the client and a representative of the client; or between lawyers representing the client.

Wis. Stat. §905.03(2). See also *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (explaining that the attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). Information as to client referrals, or how the client hired the attorney, are not discoverable. *Amhearst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 126 (D. Conn. 1974)( "it is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim."

Certainly, if plaintiff prevails in this litigation and seeks to recover her reasonably incurred attorney fees, plaintiff will be required to waive this privilege in order to submit billing records to the court in support of a motion for costs and attorney fees. However, this has not happened yet.

**H.** **eMoney Doc. Req. # 18 improperly seeks** production and disclosure of documents relating to, supporting, or demonstrating any other claims, complaints, statements, or demands that Haas has made against other creditors, lead generators, companies, or credit reporting agencies since January 1, 2017, relating to accessing Haas' credit reports, including, but not limited to copies of any complaints filed in a court of law of any kind and arbitration demands.

Again, this request is improper, as discovery requests that seek information on prior lawsuits involving the consumer, that are not related to the claims at bar is not allowed. *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

I.  eMoney's August 25, 2022   subpoena to Haas' employer, Hennepin County, improperly seeks "all available internet history for Sarah Haas for June 22, 2019 - June 21, 2020" as well as for "June 22, 2020."

Certainly, a search of Ms. Haas' internet history on June 22, 2020 *as to exchanges between Haas and eMoney* is relevant, as this is the date that eMoney unlawfully accessed Ms. Haas Clarity credit report. Any search past this point would wildly violate Ms. Haas' privacy rights. The only possible excuse for this broad a discovery request would be that eMoney has saved no records, and is trying to reconstruct a defense based on **ALL** of Ms. Haas' internet searches and history.

## CONCLUSION

In conclusion, Plaintiff's motion for a protective order should be granted.

DATED: September 23, 202                 s/Eric L. Crandall
                                                     Eric L. Crandall, Esq.
                                                     **CRANDALL LAW FIRM, SC**
                                                     421 West Second Street
                                                     PO Box 27
                                                     New Richmond, WI 54017
                                                     715-243-9996 (p)
                                                     715-246-7174 (f)
                                                     WisconsinConsumerLaw@frontier.com
                                                     Wis. Attorney Lic. No. 1001833

                                                     **ATTORNEY FOR PLAINTIFF**