UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Sarah Haas, on behalf of herself and all other similarly situated,

      Plaintiff,

v.

eMoneyUSA Holdings LLC,

      Defendant.

Case No.: 22-cv-212-jdp

---

### DEFENDANT'S BRIEF IN SUPPORT OF THE MOTION FOR FEES

Defendant, eMoneyUSA Holdings, LLC ("eMoney" or "Defendant"), pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) and this Court's October 17, 2022 Order, ("Order"), (Doc. No. 23), respectfully moves this Court to award eMoney $12,614.00 in attorneys' fees incurred in connection with defending against Plaintiff's Motion for Protective Order, (Doc. Nos. 16-18).

### INTRODUCTION

Federal Rule of Civil Procedure 37(a)(5)(B) states that, except in limited circumstances (none of which applies here), "if [a discovery] motion is denied, the court . . . **must** . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). The only exceptions to this requirement are "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Here, Plaintiff sought a protective order, prohibiting production of information and documents eMoney sought in discovery to Plaintiff and through a third-party subpoena. (Doc. Nos. 16-18.) eMoney was forced to respond to Plaintiff's arguments and this Court was required to read extensive briefs before issuing the Order, all of which could have been avoided had

Plaintiff complied with her discovery obligations. The Court denied Plaintiff's motion in its entirety. (Doc. No. 23.) In its Order, the Court made unequivocally clear that Plaintiff's requests for protection from eMoney's discovery requests were without justification. Specifically, the Court recognized that "Plaintiff cannot eat her cake and have it too: to proceed with this proposed class action, plaintiff must disclose to defendant the information it requests, which is clearly relevant to defendant's defenses and to the court's decision on class certification." (Doc. No. 23 at 4.)

eMoney is therefore entitled to its attorneys' fees and costs[1] incurred in connection with its efforts in defending against the Motion for Protective Order. Indeed, the Court stated in its Order that eMoney is entitled to this reimbursement. (*Id.* at 4.) Accordingly, eMoney respectfully requests this Court award reasonable and actual attorneys' fees in the amount of $12,614.00, which eMoney was forced to incur in connection with defending against the Motion for Protective Order.

## **ARGUMENT**

"The great operative principle of Rule [37(a)(5)] is that the loser pays." *T.W. Vending, Inc. v. Cod Food Servs.*, No. 17-CV-529-SLC, 2018 WL 1773540, at *6 (W.D. Wis. Apr. 13, 2018) (quoting *Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 786 (7th Cir. 1994)). Such fee shifting "when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels*, 33 F.3d at 787.

---

[1] Outside of the attorneys' fees sought herein, eMoney did not incur other costs in connection with defending against the Motion for Protective Order.

**A.    eMoney is entitled to its attorneys' fees.**

The Court denied Plaintiff's Motion for Protective Order with respect to every request for protection that Plaintiff made. The Court specifically found that: 1) "Plaintiff's invocation of constitutional and statutory principles to protect her from relevant discovery is legally incorrect, factually misdirected and completely unpersuasive"; 2) eMoney seeks information that is relevant to its defenses and to the court's decision on class certification; and 3) eMoney's discovery is appropriate. (Doc. No. 23.) At bottom, Plaintiff's unjustified Motion for Protective Order necessitated needless briefing, which wasted the Court and parties' time and resources. Plaintiff's motion warrants the award of attorneys' fees incurred by eMoney.[2]

**B.    The amount of reasonable attorneys' fees actually incurred by eMoney in defending against the Motion for Protective Order is $12,614.00.**

eMoney incurred attorneys' fees in the amount of $12,614.00 in order to defend against the Motion for Protective Order. In support of this Motion, eMoney has submitted contemporaneous records of time and fees that set forth the dates on which services were performed, the hours spent, the amount of the fees, and the nature of the services performed. (*See* Declaration of Scott J. Helfand ("Helfand Decl."), ¶ 3, Ex. A.) eMoney's counsel spent a total of 27.4 hours of attorney time in connection with defending against the Motion for Protective Order. (*Id.*) The number of hours expended by eMoney's attorneys in connection with their efforts to defend against the Motion for Protective Order is reasonable, as reflected in the contemporaneous time reports set forth in Exhibit A. *See Northmobiletech, LLC v. Simon*

---

[2]   Although it is beyond the scope of this motion, eMoney acknowledges that—after eMoney filed its response and the deadline for Plaintiff to file a reply had passed—Plaintiff's counsel sent an email to eMoney saying that Plaintiff "will not be seeking class action status in this case." Plaintiff proposed a "joint motion to inform the Court of the same." Before eMoney could respond, the Court issued its order denying Plaintiff's motion for protection. Thereafter, eMoney responded that—if Plaintiff seeks to file an amended complaint without class allegations—eMoney will not object. But Plaintiff's belated offer should not alter eMoney's entitlement to fees for responding to Plaintiff's motion for a protective order seeking to block basic discovery relating to, among other things, Plaintiff's substantive claims.

*Prop. Grp., Inc.*, No. 11-CV-287-WMC, 2013 WL 12090092, at *1 (W.D. Wis. May 21, 2013) ("There is a strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee.").

In addition to preparing the response to the Motion for Protective Order, eMoney's attorneys were forced to analyze all of the cases that Plaintiff relied upon in the Motion for Protective Order, many of which are outside of this jurisdiction, to determine whether they supported her positions (in almost all instances, they did not). (*See* Helfand Decl., ¶ 3, Ex. A.) Additionally, because of the short-turnaround time and the press of multiple matters, there were multiple attorneys involved in preparing the response. (*Id.*) Further, eMoney's attorneys had to research this court's requirements for filing certain exhibits to the response under seal, prepare a corresponding motion to seal, and prepare multiple communications to eMoney to explain the implications of the Motion for Protective Order. (*Id.*)

The hourly rates set forth in the contemporaneous time records are reasonable, given each billing attorney's level of experience and qualifications. Therefore, eMoney respectfully requests that the Court award its attorneys' fees in connection with defending the Motion for Protective Order in the amount of $12,614.00.

## **CONCLUSION**

For the reasons stated, eMoney respectfully requests that the Court grant its Motion for Fees, order that within thirty days of entering such order, Plaintiff or her counsel shall issue payment in the amount $12,614.00 to eMoney, and grant any other relief this Court deems appropriate.

Dated this 24th day of October, 2022.

       HUSCH BLACKWELL LLP
       Attorneys for Defendant eMoneyUSA
       Holdings LLC

By:   *s/ Scott J. Helfand*
       Scott J. Helfand
       Scott.Helfand@huschblackwell.com
       120 South Riverside Plaza
       Suite 2200
       Chicago, IL 60606
       Telephone: 312.655.1500
       Fax: 312.655.1501
       and
       Natalia S. Kruse
       Marci V. Kawski
       Natalia.Kruse@huschblackwell.com
       Marci.Kawski@huschblackwell.com
       33 East Main Street, Suite 300
       Madison, Wisconsin 53703
       Telephone: 608.255.4440
       Fax: 608.258.7138